**CHAD C. SPRAKER**
Assistant U.S. Attorney
U.S. Attorney's Office
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

**ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JOHN MONTANO,<br><br>Defendant. | CR 10-155-BLG-SPW<br><br>BRIEF IN AID OF SUPERVISED RELEASE REVOCATION HEARING SET FOR FEBRUARY 24, 2017 |
|---|---|

The United States, through its attorney, Assistant U.S. Attorney Chad C. Spraker, submits a brief in aid of Nicholas Montano's supervised release revocation hearing set for February 24, 2017.

## VIOLATIONS

The Petition for Warrant for Offender Under Supervision alleges that

1

Montano has violated two conditions of his supervised release: The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale (violation number one), and the defendant shall not commit another federal, state, or local crime (violations numbers two and three).

## ANTICIPATED EVIDENCE

On November 16, 2016, at approximately 1:45 a.m., Billings Police Officer Paul Lamantia received a report of a vehicle crashing into a building around 1st Ave South and South 41st Street in Billings, Montana. Once he arrived at the scene, Officer Lamantia found a 1975 Chevrolet crashed into the northeast corner of a building at 4102 1st Ave. South. No one was in the vehicle, but a woman passing by indicated that Montano, who was walking away from the scene, was involved in the crash.

Billings Police Officer Jared Lausch pulled his vehicle in front of Montano, and Officer Lamantia pulled up behind Montano. As Officer Lamantia got out of his vehicle, he saw Montano reach into his right pocket and drop a small, light colored object. Upon closer observation, Officer Lamantia saw that the object was a folded up piece of paper containing a white, crystalline substance. The substance later field tested positive for methamphetamine.

2

Officer Lausch placed Montano in the back of his squad car, and Officer Lamantia advised Montano of his Miranda rights. While Officer Lamantia and Lausch were speaking, Montano attempted to get their attention. After Officer Lausch opened the squad car's door, Montano told the officers that he was drunk, driving, and crashed. Later at the DUI Processing Center, Lamantia administered field sobriety tests to Montano, which indicated that he was impaired.

On November 17, 2016, Montano signed an admission report indicating that on November 15, 2016, he went to a bar and consumed beer and tequila before being stopped for a DUI.

## ELEMENTS

Violation 1:

Montano's Special Condition of Supervision number 4 provides, "The defendant shall abstain from the consumption of alcohol and shall not enter establishments where alcohol is the primary item of sale."

Violation 2:

According to instruction 10-102(a) and 10-102(b) of the Montana Criminal Jury Instruction Commission's 2009 edition of form instructions:

To convict the Defendant of the offense of driving while under the influence of alcohol, the State must prove the following elements:

That the Defendant:

1. was driving or in actual physical control of a vehicle

2. upon the ways of this state open to the public

3. while under the influence of alcohol.

The phrase "under the influence" means that as a result of taking into the body alcohol, a person's ability to safely operate a motor vehicle has been diminished.

<u>Violation 3</u>:

According to instruction 9-102(a) of the Montana Criminal Jury Instruction Commission's 2009 edition of form instructions:

To convict the Defendant of criminal possession of dangerous drugs, the State must prove the following elements:

1. That the Defendant possessed the dangerous drug of (non-marijuana drug as defined in MCA § 50-32-101);[1] and

2. That the Defendant acted purposely or knowingly.

///

---

[1] Montana Code Annotated section 50-32-101(6) indicates that a Schedule II drug is a dangerous drug. Section 50-32-224(3)(d) further provides that methamphetamine is a Schedule II drug.

## CONCLUSION

The United States respectfully submits that the evidence will show that Montano violated three conditions of his supervised release.

DATED this 23rd day of February, 2017.

MICHAEL W. COTTER<br>
United States Attorney<br>
<br>
*/s/ Chad C. Spraker*<br>
Assistant U.S. Attorney<br>
Attorney for Plaintiff