IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

DEC 20 2017

Clerk, U S District Court
District Of Montana
Billings

| UNITED STATES OF AMERICA, | Cause No. CR 10-155-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| NICHOLAS JOHN MONTANO, | |
| Defendant. | |

This case comes before the Court on Defendant/Movant Montano's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Montano is a federal prisoner proceeding pro se.

Montano challenges the revocation of his supervised release. Following a hearing on February 24, 2017, he was found to have consumed alcohol and committed additional offenses. He was returned to prison for a term of 18 months, to be followed by 18 months' supervised release. *See* Revocation Judgment (Doc. 85) at 1-3. He contends that his attorney was ineffective, in violation of the Sixth Amendment, because she failed to present evidence, including testimony from a mental health expert, to mitigate his violations of the conditions of release. *See* Br. in Supp. (Doc. 103) at 1, 5-12.

Claims of ineffective assistance of counsel are governed by *Strickland v.*

1

*Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Montano must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

In reviewing Montano's motion, the Court has refreshed its memory by consulting the rough transcript of his revocation hearing. The United States will be required to order the transcript for the Court's file and for Montano. *See* 28 U.S.C. § 753(f).

Contrary to Montano's assertion, *see, e.g.*, Br. in Supp. at 9, the Court was aware of his personal history. *See* Presentence Report (Doc. 44) ¶¶ 53-100. The Court also knew of his mental health issues and knew that his behavior appeared to have improved with the administration of lithium, because counsel and Montano both said so at the revocation hearing. Montano received mental health diagnosis and treatment while he resided at a halfway house. Thanks to his federal probation officer, he had one-on-one treatment lined up for both his substance abuse issues and his mental health issues. He received a recommendation for placement at FCI Sheridan so he can continue that treatment. *See* Revocation Judgment (Doc. 85) at

2.

Counsel ensured the Court knew all these things. Likely, her decision not to call a witness was grounded in a realistic assessment of the gravity of Montano's violations, but there is no need to ascertain whether that was the case. She did not fail to investigate and did not fail to present either information or argument. She asked the Court to take a chance on Montano's ability to comply with the imperative to control his behavior. Her performance was well within the wide range of competence required of criminal defense counsel at a revocation hearing. The first prong of the *Strickland* test is not met.

The second prong of the *Strickland* test also is not met. Montano's supervised release was revoked because he drank beer and tequila, crashed a car into a building, and had a bindle of methamphetamine in his pocket, which he tossed out before he was apprehended in the hope of avoiding responsibility for it. Whatever causes that behavior, it is not acceptable. Montano posed a serious danger to everyone around him. Worse, this was the same kind of behavior that landed Montano in federal prison for 78 months and the same kind of behavior involved in the dozens of offenses Montano committed before that. *See* Presentence Report ¶¶ 33-48. Nothing less than revocation and an 18-month prison sentence was an appropriate response. And, as counsel requested, Montano will have another opportunity to demonstrate that he can control himself. It will

occur when he is discharged to his new 18-month term of supervised release.

A certificate of appealability is not appropriate. Montano has not made a substantial showing that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would not encourage further proceedings. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly, IT IS HEREBY ORDERED:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of the revocation hearing, held on February 24, 2017, is required to decide the issue presented by Montano.

2. The United States shall immediately order the transcript of the hearing for the Court's file and shall deliver a copy to Nicholas John Montano, BOP # 11260-046, FCI Sandstone, Federal Correctional Institution, P.O. Box 1000, Sandstone, MN 55072.

3. Montano's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 102, 103, 105, 106) is DENIED;

4. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Montano files a Notice of Appeal;

5. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-86-BLG-SPW are terminated and shall close the civil file by entering

judgment in favor of the United States and against Montano.

DATED this 18th day of December, 2017.

                                                        Susan P. Watters
                                                        United States District Court